IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAITH MAKELY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. CIV-22-785-PRW |
| UNITED STATES OF AMERICA ex rel. | ) |
| UNITED STATES AIR FORCE, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Before the Court is the United States's Motion to Dismiss Plaintiff's Complaint (Dkt. 9). The matter is fully briefed, and for the reasons discussed below the Motion (Dkt. 9) is **GRANTED**.

*Background*

Plaintiff Faith Makely brings this tort action against the United States for injuries sustained at a Tinker Air Force Base gymnasium. Plaintiff alleges that on January 24, 2019, she went to the Gerrity Annex Gymnasium to exercise. While there, a metal box containing exercise equipment detached from the wall, striking and injuring Plaintiff. Plaintiff alleges that the box was within the exclusive control of Defendant, by and through its agents, employees, and/or servants. She further alleges that Defendant's failure to either maintain a safe premises, or to warn her of dangers on the premises, were negligent actions that caused her injury. Plaintiff filed her Complaint (Dkt. 1) in September 2022, seeking

1

damages in excess of $75,000. The United States filed its Motion (Dkt 9) in April 2023, seeking dismissal under Rules 12(b)(1) and 12(b)(6).

## *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[1] While factual allegations are taken as true, a court need not accept legal conclusions involved in the complaint.[2] The pleaded facts must establish that the claim is not merely conceivable, but plausible.[3] The elements of each alleged cause of action may serve as a guide to determine whether a plaintiff has set forth a plausible claim.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough.[5]

## *Analysis*

Plaintiff's negligence action against the United States is grounded in the Federal Tort Claims Act ("FTCA").[6] As the parties agree, an actionable FTCA claim must allege the six elements found at 28 U.S.C. § 1346(b): the claim must be (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[2] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Khalik*, 671 F.3d at 1192.

[5] *Twombly*, 550 U.S. at 555.

[6] 28 U.S.C. § 2674.

death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to a claimant in accordance with the law of the place where the act or omission occurred.[7]

In support of its Motion, Defendant highlights several discrepancies throughout the Complaint. For example, Plaintiff styles her action as being against "The United States of America *ex rel.* United States Air Force," rather than against the United States itself.[8] Although Plaintiff cites to the FTCA, she several times references the Governmental Tort Claims Act, the Oklahoma state equivalent of the FTCA.[9] Plaintiff uses the word "malfunction," which Defendant takes to suggest a products liability claim against the box manufacturer, rather than a premises liability tort for negligence on behalf of the United States.[10] And Plaintiff seeks personal injury and property damages but alleges no damage to property.[11]

Plaintiff brushes over some of these critiques in her Response (Dkt. 11), adopting a more favorable interpretation of her positions. The Court agrees that the above instances of inartful drafting, viewed in the context of other factual allegations, and taken in the light most favorable to Plaintiff, do not themselves undercut the plausibility of Plaintiff's claim

---

[7] 28 U.S.C. § 1346(b); *Brownback v. King*, 141 S. Ct. 740, 746 (2021).
[8] *See* 28 U.S.C. § 2679.
[9] Okla. Stat. tit. 51, §§ 151–200.
[10] Compl. (Dkt. 1), ¶¶ 15, 17; Mot. Dismiss (Dkt. 9), at 7–9.
[11] Compl. (Dkt. 1), ¶ 20; Mot. Dismiss (Dkt. 9), at 13–14.

3

or the Court's jurisdiction. However, Defendant raises more serious challenges to the sufficiency of Plaintiff's factual allegations along several lines.

As to the fourth element, Defendant argues that Plaintiff's allegations regarding causation by a federal employee are conclusory. Plaintiff alleges that "Defendant, by and through its agents, employees, and/or servants, negligently failed to maintain safe premises and to warn of any dangers to the Plaintiff." Defendant faults Plaintiff for failing to name specific government employees whose actions or inactions allegedly caused her injury. This failure, according to Defendant, prevents it from investigating the incident and preparing a defense.

As Defendant concedes, "[l]iability may be established without alleging or proving the identity of the specific tortfeasor who committed the wrongful or negligent act or omission."[12] Indeed, "[s]pecific facts are not necessary" to meet the pleading standard so long as the statement "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[13] Plaintiff alleges, and Defendant does not dispute, that Gerrity Annex Gymnasium is operated by a Federal agency, the United States Air Force. Despite not identifying specific federal employees, the Court finds that Plaintiff has pleaded enough to plausibly allege that any tortfeasor was a federal employee or agent.

---

[12] Mot. Dismiss (Dkt. 9), at 10–11; *see United States v. Hull*, 195 F.2d 64, 66 (1st Cir. 1952) ("[I]t is unnecessary, in order to recover from the employer, for the plaintiff to establish just which employee was at fault, and in what specific respect.").

[13] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)).

Those allegations, including the time and place of the injury, are enough to give Defendant fair notice of the claim, and provide the basis for fleshing out details in discovery.

For the sixth element, Plaintiff proffers two negligence theories: (1) premises liability; and (2) *res ipsa loquitur*. Under Oklahoma law, premises owners owe different duties to individuals present on their property based on the status of those individuals.[14] In her Complaint, Plaintiff alleges that she was a business invitee, and therefore was owed a duty of reasonable care. Defendant notes that the Court need not accept Plaintiff's legal conclusion as to her status and argues that Plaintiff failed to allege facts that would support a finding that she was a business invitee, such as the common interest or mutual advantage stemming from her visit.[15] In her Response, Plaintiff argues that she pleaded sufficient facts to establish a status of either business invitee or licensee. A licensee is owed a duty of ordinary care, which requires an owner to disclose dangerous defects known to him that are unlikely to be discovered by a licensee.[16]

The Court agrees with Defendant that the pleadings fall short of stating a premises liability claim. Plaintiff has not alleged sufficient facts to suggest that she was a business invitee—i.e., that she was at Gerrity Annex Gymnasium to conduct business. And under a licensee theory, Plaintiff has not pleaded any facts suggesting that federal employees at the gym were aware of the dangerous condition of the metal box.

---

[14] *See Brown v. Nicholson*, 935 P.2d 319, 321–22 (Okla. 1997).

[15] *See id.*

[16] *See id.*

Though not a separate negligence ground, the doctrine of *res ipsa loquitur* is a form of proving a negligence claim where direct evidence of causation is unavailable.[17] Where a defendant had exclusive control over the instrumentality causing the plaintiff's injury, and the injury is of a kind that ordinarily does not occur absent negligence, that circumstantial evidence can suffice to prove negligence. Plaintiff alleges that Defendant was responsible for the condition of the gymnasium, and that it had exclusive control of the metal box. However, this latter allegation is effectively a recitation of one element of the *res ipsa loquitur* theory. Per Plaintiff's other factual assertions, the incident occurred in a gym presumably open to other Tinker Air Force Base employees who could have accessed the box. Indeed, Plaintiff's Response suggests that she herself accessed the box to remove exercise equipment just prior to the incident. The reasonable inferences from these factual allegations cut sharply against the claim that gymnasium staff were able to exercise exclusive control over the metal box. In the face of those facts, Plaintiff's conclusory recitation to the contrary is not enough.

### *Conclusion*

The Court finds that, as written, Plaintiff's Complaint falls short of stating a plausible claim for negligence against the United States. However, the Court finds that amendment of the Complaint to fill in the gaps with additional factual allegations would not be futile. Accordingly, Defendant's Motion (Dkt. 9) is **GRANTED**. If Plaintiff wishes,

---

[17] *See Deweese v. Patterson UTI Drilling Co.*, 229 P.3d 540, 543–44 (Okla. 2010).

she may move to file an amended complaint, in accordance with LCvR15.1, within 45 days of this Order. If Plaintiff does not so move, this action will be dismissed without prejudice.

**IT IS SO ORDERED** this 9th day of February 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE